

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 2-08-222-CR**

JEFFREY K. PAYNE                                                    APPELLANT

V.

THE STATE OF TEXAS                                                       STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

After waiving a jury and entering an open plea of guilty, appellant Jeffrey K. Payne appeals his conviction and thirty-year sentence for possession of methamphetamine of four or more but less than two hundred grams with the intent to deliver, enhanced by a prior felony conviction. *See* Tex. Health &

---

[1] *See* Tex. R. App. P. 47.4.

Safety Code Ann. § 481.112(a), (d) (Vernon 2003); Tex. Penal Code Ann. § 12.42(c)(1) (Vernon Supp. 2008). We affirm.

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, counsel avers that, in his professional opinion, the appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. 386 U.S. 738, 87 S. Ct. 1396 (1967). Appellant filed a pro se brief, alleging that he received ineffective assistance of counsel. The State declined to file a brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State,* 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio,* 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record, counsel's brief, and appellant's pro se brief. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that might arguably support the

2

appeal. *See Bledsoe v. State,* 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State,* 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

PER CURIAM

PANEL: LIVINGSTON, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: July 2, 2009